1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

8
9
10
11
12
13

DAVID D. MCCONVILLE,

                Petitioner,

  vs.

JEFFERY UTTECHT,

                Respondent.

NO.  CV-10-3082-RMP

ORDER DENYING MOTION TO STAY
AND DISMISSING PETITION IN PART
WITH PREJUDICE AND IN PART
WITHOUT PREJUDICE

14
15
16
17
18
19
20
21
22
23
24

      By Order filed October 18, 2010, the court directed Mr. McConville to show cause why his federal habeas petition should not be dismissed pursuant to *Stone v. Powell*, 428 U.S. 465, 494 (1976), as Petitioner had indicated he litigated the legality of his search and seizure under the Fourth Amendment in the Washington state courts.  On November 12, 2010, Mr. McConville filed a "Motion to Stay Proceedings and Hold in Abeyance" (Ct. Rec. 7), which he failed to note for hearing as required by LR 7.1(h), Local Rule for the Eastern District of Washington.  **PETITIONER IS CAUTIONED THAT ANY FURTHER MOTIONS SUBMITTED TO THE COURT WITHOUT NOTING THEM FOR HEARING IN COMPLIANCE WITH THE LOCAL RULES WILL NOT BE ADDRESSED BY THE COURT.**  Because Petitioner is proceeding *pro se*, the court has heard his motion without oral argument on the date signed below.

25
26

**MOTION FOR STAY AND ABEYANCE**

27

      Mr. McConville asks the court to stay these proceedings while he pursues a "new

28

ORDER DENYING MOTION TO STAY AND DISMISSING PETITION IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE -- 1

claim" challenging the role of a Court Commissioner in his direct appeal.  The court finds this claim would not warrant implementation of the stay and abeyance procedures under *Rhines v. Weber,* 544 U.S. 269 (2005).[1]

In support of his request to stay these proceedings, Petitioner relies on *State v. Philip*, 44 Wash. 615, 87 P. 955 (1906).  *Philip* held a court commissioner at the superior court level "had no power to accept a plea of guilty on an information for a felony and sentence the defendant to imprisonment thereon."  *Philip* did not address the authority of a Court Commissioner at the appellate court level.  Petitioner has presented documentation stating he had the opportunity to file objections to the Commissioner's Ruling. He has shown no improper delegation of duty.  Therefore, **IT IS ORDERED** Petitioner's Motion (Ct. Rec. 7) is **DENIED.**

## FOURTH AMENDMENT CLAIM

Mr. McConville continues to assert this court should consider his Fourth

---

[1] The stay and abeyance procedure was implemented to accommodate the federal statute of limitations, 28 U.S.C. § 2244(d).  Mr. McConville was sentenced on March 30, 2009.  He filed a direct appeal and the Washington State Supreme Court denied his Petition for Review on August 5, 2010. *See State v. McConville*, 169 Wash.2d 1016, 236 P.3d 895 (2010).  Petitioner indicates in his motion that he still has time to file a personal restraint petition in the state courts.  A prisoner is entitled to tolling of the federal limitations period for the pendency of a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2); *see also Artuz v. Bennett*, 531 U.S. 4, 5, (2000). Therefore, it does not appear a stay and abeyance of these proceedings, rather than dismissal without prejudice to seeking available state court remedies, would be appropriate.

ORDER DENYING MOTION TO STAY AND DISMISSING PETITION IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE -- 2

Amendment Claim.   He contends *Arizona v. Gant*, ___ U.S. ___, 129 S.Ct. 1710, 173 L.Ed.2d 485 (April 21, 2009), is the "controlling authority on his Fourth Amendment claim." If Petitioner wishes to challenge the legality of his search and seizure under *Gant,* he must do so in the state court.

Contrary to Petitioner's assertion, even if *Gant* would apply to his Fourth Amendment claim, this would not entitle Petitioner to federal habeas review under *Stone v. Powell.*  Petitioner has presented no facts showing he has been denied the opportunity to fully and fairly litigate his Fourth Amendment claim in state court. *Id.,* 428 U.S. at 494.  Indeed, it does not appear he presented a Fourth Amendment claim to the Washington State Court of Appeals, Division III, on direct appeal.  *See* page 2, item 9(f). Consequently, Mr. McConville has failed to show cause why his Fourth Amendment claim should not be dismissed under Rule 4, Rules Governing § 2254 Cases.

## INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

Although a Fourth Amendment claim would be precluded by *Stone v. Powell*, a habeas petitioner may bring an ineffective assistance of counsel claim based on counsel's failure to properly raise the Fourth Amendment issue.  *See Kimmelman v. Morrison*, 477 U.S. 365 (1986).   In his motion, Mr. McConville concedes  he did not adequately allege an ineffective assistance of counsel claim in his federal habeas petition. It also appears Petitioner did not properly exhaust an ineffective assistance of counsel claim in the state courts.

Petitioner indicates he presented a claim of ineffective assistance of counsel in his direct appeal to the Washington State Court of Appeals, Division III. Ordinarily, a claim of ineffective assistance of counsel is not brought on direct appeal.  Such a claim involves matters outside the record and should properly be brought in a petition for state collateral review.  Petitioner does not indicate he properly presented an ineffective assistance of counsel claim in a personal restraint petition.

ORDER DENYING MOTION TO STAY AND DISMISSING PETITION IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE -- 3

Before a federal court will consider the merits of a writ of habeas corpus pursuant to 28 U.S.C. § 2254, the petitioner must demonstrate that each and every claim in the petition has been presented for resolution by the State Supreme Court.  A state prisoner must exhaust state Supreme Court remedies with respect to each claim before petitioning for a writ of habeas corpus in federal court. *Granberry v. Greer,* 481 U.S. 129, 134 (1987); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994); *Bland v. Calif. Dept. of Corrections*, 20 F.3d 1469, 1472 (9th Cir. 1994).  The exhaustion requirement protects the role of state courts in enforcing federal law, prevents the disruption of state judicial proceedings, and gives the state's highest court the opportunity to examine and vindicate a right of federal constitutional magnitude.  *Rose v. Lundy,* 455 U.S. 509, 518-20 (1982).

A claim is considered exhausted when it has been fully and fairly presented to the state Supreme Court for resolution under federal law.  *Anderson v. Harless*, 459 U.S. 4 (1982); *Harris v. Pulley*, 852 F.2d 1546, 1569-71 (9th Cir. 1988), *opinion amended on other grounds and superseded by* 885 F.2d 1354, *cert. denied,* 493 U.S. 1051 (1990).  Moreover, a petitioner seeking relief must have presented each claim to the state Supreme Court based upon the same federal **legal** theory and the same **factual** basis asserted in the federal petition.  It is only then that the exhaustion requirement of 28 U.S.C. § 2254 is fulfilled.  *Hudson v. Rushen*, 686 F.2d 826 (9th Cir. 1982), *cert. denied*, 461 U.S. 916 (1983); *Schiers v. People of State of California*, 333 F.2d 173 (1964). It appears Mr. McConville's ineffective assistance of counsel claim has not been properly exhausted in the state courts.

Therefore, **IT IS ORDERED** Mr. McConville's petition is **DISMISSED in part with prejudice** as to Petitioner's Fourth Amendment claim and **DISMISSED in part without prejudice** as to his claim of ineffective assistance of counsel.  Petitioner should pursue appropriate relief in the state courts.  Petitioners should also be mindful the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) 's one-year limitations

ORDER DENYING MOTION TO STAY AND DISMISSING PETITION IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE -- 4

period is not statutorily tolled during the pendency of a federal habeas petition, *see Duncan v. Walker*, 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001).

**IT IS SO ORDERED**.  The District Court Executive is directed to enter this Order, enter judgment, forward a copy to Petitioner, and close the file.  The court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b).

**DATED** this 16th day of November 2010.


_____*s/ Rosanna Malouf Peterson*_____
ROSANNA MALOUF PETERSON
UNITED STATES DISTRICT JUDGE